**1**

W. A. WILKERSON v. STATE. (No. 11654.) Court of Criminal Appeals of Texas. March 21, 1928. Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. R. L. Sullivan, of Dallas, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is robbery with firearms; punishment fixed at confinement in the penitentiary for a period of 50 years. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

---

**2**

Lonnie WILLIS v. STATE. (No. 11585.) Court of Criminal Appeals of Texas. March 21, 1928. Appeal from District Court, Rockwall County; Joel R. Bond, Judge. H. M. Wade, of Rockwall, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary. No statement of facts accompanies the record. The only bill of exception found complains at the refusal of special requested charges. None of the special charges can be appraised, in the absence of the evidence before the court. The judgment is affirmed.

---

**3**

George WILSON v. STATE. (No. 11798.) Court of Criminal Appeals of Texas. April 4, 1928. Appeal from District Court, Bowie County; Hugh Carney, Judge. B. W. Ashworth and C. A. Mitchner, both of Dallas, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for theft of an automobile over the value of $50; punishment being two years in the penitentiary. Appellant has filed in this court his affidavit requesting that his appeal be dismissed, and in compliance with such request it is so ordered.

---

**4**

Harry ZICKERFOOSE v. STATE. (No. 11647.) Court of Criminal Appeals of Texas. March 21, 1928. Appeal from District Court, Liberty County; Thos. B. Coe, Judge. M. E. Cain, of Liberty, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being one year in the penitentiary. There being in the record neither statement of facts nor bills of exception, nothing is presented for review. The judgment is affirmed.

---

**5**

Mary DYER v. J. J. HELMER. (No. 2132.) Court of Civil Appeals of Texas. El Paso. March 29, 1928. Appeal from Bexar County Court at Law; McCollum Burnett, Judge. Melvion R. Luter, of San Antonio, for appellant. S. G. Newton, Jr., and Walter Tynan, both of San Antonio, for appellee.

PELPHREY, J. This suit was brought by appellee against appellant to recover damages alleged to have been caused by a collision between the automobiles of the parties at the intersection of Broadway and Grayson streets, in the city of San Antonio, Tex., on or about the 3d day of May, 1926. Appellee alleged negligence on the part of appellant's agent, and a resulting damage to his automobile of $566.85, and $387.50 damage to a Gurley transit and level, which was in the automobile. Appellant answered by general demurrer, special exceptions, a general denial, pleaded contributory negligence, and by way of cross-action prayed for damages in the sum of $635. The case was submitted to a jury on special issues, all of which were found in favor of appellee. Judgment was rendered on the jury's findings on the special issues in favor of appellee for $787.50. From that judgment the cause is brought to this court on appeal. No briefs have been filed in this court by appellant. We have examined the record for fundamental error, and, finding none, the judgment of the trial court is affirmed. Affirmed.

---

**6**

FIDELITY LLOYDS OF AMERICA, Appellant, v. ROSE MOTOR COMPANY, Appellee. (No. 3525.) Court of Civil Appeals of Texas. Texarkana. March 8, 1928. Appeal from Dallas County Court at Law, No. 2; Wm. M. Cramer, Judge. Davis, Synnott & Hatchell, of Dallas, for appellant. Thompson, Knight, Baker & Harris, of Dallas, for appellee.

PER CURIAM. This suit was filed in the county court by the appellee against the appellant, to recover upon an insurance policy indemnifying him as a mortgagee against the conversion or theft of an automobile sold to a third party. The case was tried before the court without a jury. We think the evidence justified the judgment rendered, and it is accordingly affirmed.